IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STEVEN DARE STEELMAN, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 114977   Steven Wayne Sword, Judge**

_____

**No. E2020-00696-CCA-R3-PC**

_____

The Petitioner, Steven Dare Steelman, Jr., appeals from the Knox County Criminal Court's order dismissing his petition for post-conviction relief as untimely.  The Petitioner's counsel has filed a motion to withdraw pursuant to Rule 22 of the Tennessee Court of Criminal Appeals.  We conclude that counsel's motion is well-taken and, in accordance with Rule 22(F), affirm the post-conviction court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Court of Criminal Appeals.**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Gerald L. Gulley, Jr., for the appellant, Steven Dare Steelman.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas White Spangler, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Heather N. Good, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**Factual Background**

A Knox County Criminal Court jury convicted the Petitioner of aggravated vehicular homicide, vehicular homicide by intoxication, vehicular homicide by reckless conduct, vehicular assault, reckless endangerment with a deadly weapon, third offense driving under the influence per se, third offense driving under the influence, driving on a revoked license after two prior driving under the influence convictions, and failure to provide proof of financial responsibility.  The trial court merged the convictions for vehicular homicide into the conviction for aggravated vehicular homicide.  The trial court merged the conviction for third offense driving under the influence into the conviction for

third offense driving under the influence per se. At sentencing, the trial court imposed an effective sentence of thirty-two years' confinement. On direct appeal, this court affirmed the Petitioner's convictions but remanded the case for the entry of corrected judgments reflecting the merger of the driving under the influence per se conviction with the vehicular assault conviction. *State v. Steven Dare Steelman, Jr.*, No. E2017-00016-CCA-R3-CD, 2017 WL 4877457, op. at *1 (Tenn. Crim. App. Oct. 30, 2017). The Tennessee Supreme Court denied the Petitioner's application for permission to appeal on February 14, 2018.

The Petitioner filed his post-conviction petition on February 26, 2019, alleging ineffective assistance of counsel. On March 27, 2019, the post-conviction court entered a colorable claim order appointing counsel and setting deadlines for amendment of the petition and response by the State. No amendment to the petition was filed. On May 23, 2019, the State filed a motion to dismiss the petition based, in part, upon the untimely filing of the petition. At a hearing held on October 28, 2019, the Petitioner asserted, via affidavit, that he delivered the post-conviction petition to the prison mailroom authorities on February 14, 2019, where he witnessed the authorities "put a stamp" on the envelope containing the petition. The State asserted, however, that the envelope clearly showed a postage metered stamp dated February 21, 2019, with a prison mailroom postmark receipt date of February 22, 2019.

On October 31, 2019, the post-conviction court entered an order dismissing the post-conviction petition as untimely. The court acknowledged that the petition was notarized on February 14, 2019, but concluded that the envelope containing the petition was not delivered to prison mailroom authorities until February 21, 2019. The post-conviction court concluded that "the petitioner was a week late in presenting the document for mailing." The post-conviction court found that the one-year post-conviction statute of limitations had expired and that no provision for tolling the statute of limitations applied to the Petitioner's case. *See* T.C.A. § 40-30-102.

On May 21, 2020, this court granted appointed counsel's motion to waive the timely filing of the notice of appeal. Appointed counsel has since moved this court to withdraw pursuant to Rule 22, having concluded "after a conscientious examination of the entire record and applicable law" that this appeal is frivolous under *Anders v. California*, 386 U.S. 738 (1967). Our review of the appellate record leads us to the conclusion that the appeal is frivolous and that the judgment of the post-conviction court should be affirmed pursuant to Rule 20.

## Analysis

Post-conviction relief is available within one year of the date of a judgment's becoming final. *Id.* § 40-30-102(a). The Post-Conviction Procedure Act states, "Time is

of the essence of the right to file a petition for post-conviction relief . . ., and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b)(1)-(3). When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. *Id*. § 40-30-106(b), (d). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id*. § 40-30-106(b).

A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). The record supports the post-conviction court's findings concerning the untimely filing of the petition. Further, none of the Petitioner's claims fit within the statutory exceptions to the one-year statute of limitations. *See id.* § 40-30-102(b)(1)-(3). Therefore, we conclude that the post-conviction court did not err in dismissing the petition.

## Conclusion

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the post-conviction court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. In so doing, counsel's motion to withdraw from further representation is GRANTED. *See* Tenn. Ct. Crim. App. R. 22.

_____
ROBERT H. MONTGOMERY, JR., JUDGE